UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED

2012 MAY 24  P 2: 06

KRISTINE M. RANIERI

V.    C.A. No. 12-

HOWARD LEE SCHIFF, P.C.
FINANCIAL RECOVERY SERVICES, INC.

CA12- 397ML-DLM

## COMPLAINT

### Parties

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and invasions of the Plaintiff's personal privacy by these Defendants in their illegal efforts to collect a previously settled consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

4. Plaintiff is a natural person who resides in the City of Cranston, County of Providence, State of Rhode Island, and is a "consumer" as defined by 15 USC 1692a3.

5. Defendant, Howard Lee Schiff, P.C. (hereinafter "Law Office") is a law office operating from an address of 10 Dorrance Street, Suite 515, Providence, Rhode Island and is a "debt collector" as defined by 15 USC § 1692(a)(6).

6. Defendant, Financial Recovery Services, Inc., (hereinafter "FRS") is a debt collection company operating from an address of 4900 Viking Drive, Edina, Minnesota and is a "debt collector" as defined by 15 USC § 1692(a)(6).

### Violations of the FDCPA

7. Plaintiff repeats her allegations contained in Paragraphs 1 through 6 of the Complaint, and

incorporates the same herein.

8. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 USC § 1692(a)(5), namely, a credit account from Erin Capital Management, LLC. in the approximate amount of $11,325.00, which was used to make Plaintiff's personal purchases.

9. Sometime thereafter, the alleged debt was cosigned, placed or otherwise transfer to Defendant FRS for collection from Plaintiff.

10. On August 9, 2010, FRS offered to settle the debt for $3,311.49. A copy of this offer is attached hereto as Exhibit A.

11. Plaintiff accepted the offer of FRS and paid the sum of $3,311.49 via check-by-phone, which check cleared on August 17, 2010. Attached is a confirmation of check clearance, marked as Exhibit B.

12. FRS failed to report this settlement to Erin Capital Management, LLC., to Defendant Law Office, or to any credit bureaus.

13. Subsequently, Plaintiff received an Execution against Goods, Chattels and Real Estate from the Kent County Superior Court dated May 25, 2011, alleging amounts due on this settled account. A copy of the Execution is attached hereto as Exhibit C.

14. Plaintiff continues to receive unwanted and unnecessary telephone calls from Defendant FRS in an attempt to collect this previously settled debt.

## Damages

15. The conduct of Defendant Law Office in an effort to collect this previously settled debt by issuance and service of a judgment Execution was a violation of multiple provisions of the FDCPA, including, but not limited to 15 USC §§1692(d), 1692(e)(2), 1692(e)(4), 1692(e)(5), 1692(e)(10), and 1692(f).

16. The conduct of Defendant FRS in an effort to collect this previously settled debt by continued telephone calls is a violation of multiple provisions of the FDCPA, including, but not limited to 15 USC §§1692 (c), 1692(d), 1692(e)(2), 1692(e)(4), 1692(e)(5), 1692(e)(10), and 1692(f).

17. Plaintiffs have suffered actual damages as a result of these illegal collection communication in the form of humiliation, anger, anxiety, emotional distress, fear frustration, embarrassment, amongst other negative emotions, as well as as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

18. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 USC §1692 et seq.

19. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 USC §1692(k)(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 USC §1692(k)(a)(3) from each and every Defendant herein for each and every violation cited herein.

20. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

21. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and or private concerns or affairs.

22. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

23. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

**WHEREFORE,** Plaintiff requests that judgment be entered against each and every Defendant:

    a.    for an award of actual damages pursuant to 15 USC §1692(k)(a)(1) against each Defendant and for the Plaintiff.

    b.    for an award of statutory damages of $1,000.00 pursuant to 15 USC §1692(k)(a)(2)(A) against each and every Defendant and for the Plaintiff.

    c.    for an award of costs of litigation and reasonable attorney's fees pursuant to 15 USC §1692(k)(a)(3) against each and every Defendant and for the Plaintiff.

    d.    for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 24, 2012

*/s/ Elizabeth W. Shealy*
Elizabeth W. Shealy, Esq.
RI Bar No. 6910
86 Preston Drive
Cranston, RI 02910
(401) 556-0324